OPINION
David D. Worthy, defendant-appellant, appeals the judgment of the Franklin County Court of Common Pleas, finding that he is a sexual predator. We reverse.
On September 2, 1987, appellant pled guilty to one count of aggravated burglary, a violation of R.C. 2911.11; and two counts of rape, a violation of R.C. 2907.02. Appellant was sentenced to serve seven to twenty-five years in prison. Prior to being released from prison, the trial court held a sexual predator hearing on December 9, 1998. The court stated in an entry dated February 5, 1999: "For the reasons stated on the record at the conclusion of that hearing, the Court determines by clear and convincing evidence that [appellant] is a sexual predator." Appellant appeals this decision and presents the following assignment of error:
 The trial court erred in finding Appellant to be a sexual predator.
Appellant argues in his assignment of error that the trial court's determination that he was a sexual predator "was not supported by the facts and circumstances of the case." Appellant claims that insufficient evidence was presented showing that he was likely to engage in the future in one or more sexually oriented offenses.
A sexual predator is defined as "a person who has been convicted of or pleaded guilty to committing a sexually oriented offense and is likely to engage in the future in one or more sexually oriented offenses." R.C. 2950.01(E). After reviewing all testimony and evidence presented at a hearing conducted pursuant to R.C. 2950.09(B)(1), a judge shall determine by clear and convincing evidence whether the offender is a sexual predator. R.C. 2950.09(B)(3). In making the determination of whether the offender is a sexual predator, the judge shall consider all relevant factors, including, but not limited to, all of the following:
(a) The offender's age;
 (b) The offender's prior criminal record regarding all offenses, including, but not limited to, all sexual offenses;
 (c) The age of the victim of the sexually oriented offense for which sentence is to be imposed;
 (d) Whether the sexually oriented offense for which sentence is to be imposed involved multiple victims;
 (e) Whether the offender used drugs or alcohol to impair the victim of the sexually oriented offense or to prevent the victim from resisting;
 (f) If the offender previously has been convicted of or pleaded guilty to any criminal offense, whether the offender completed any sentence imposed for the prior offense and, if the prior offense was a sex offense or a sexually oriented offense, whether the offender participated in available programs for sexual offenders;
 (g) Any mental illness or mental disability of the offender;
 (h) The nature of the offender's sexual conduct, sexual contact, or interaction in a sexual context with the victim of the sexually oriented offense and whether the sexual conduct, sexual contact, or interaction in a sexual context was part of a demonstrated pattern of abuse;
 (i) Whether the offender, during the commission of the sexually oriented offense for which sentence is to be imposed, displayed cruelty or made one or more threats of cruelty;
 (j) Any additional behavioral characteristics that contribute to the offender's conduct.
R.C. 2950.09(B)(2)(a) through (j). "An appellate court in reviewing a finding that the appellant is a sexual predator `must examine the record to determine whether the trier of fact had sufficient evidence before it to satisfy the clear and convincing standard.'" State v. Sturgill (May 4, 1999), Franklin App. No. 98AP-979, unreported (1999 Opinions 1043, 1047), quoting State v.Johnson (Sept. 24, 1998), Franklin App. No. 97APA12-1585, unreported (1998 Opinions 4551, 4558).
 * * * Clear and convincing evidence is that measure or degree of proof which is more than a mere preponderance of the evidence, but not to the extent of such certainty as is required beyond a reasonable doubt in criminal cases, and which will provide in the mind of the trier of facts a firm belief or conviction as to the facts sought to be established. * * *
State v. Smith (June 22, 1999), Franklin App. No. 98AP-1156, unreported (1999 Opinions 1694, 1697-1698), following CincinnatiBar Assn. v. Massengale (1991), 58 Ohio St.3d 121, 122.
In the present case, the state presented evidence that appellant had pled guilty to committing a sexually oriented offense. Appellant had previously pled guilty to two counts of rape, which is defined as a "sexually oriented offense" pursuant to R.C. 2950.01(D)(1).
The state also presented evidence concerning appellant's likelihood to engage in the future in one or more sexually oriented offenses. The state introduced as evidence: (1) a copy of appellant's indictment; (2) a copy of appellant's guilty plea form; (3) a copy of appellant's sentencing entry; and (4) a copy of appellant's prison file which included a report from the Magellan program. The state also had the victim testify at appellant's sexual predator hearing. The victim testified that at the time of the offense, she was eighteen years old. She also testified that a report of the incident prepared by Detective Ron Furman was accurate. The prosecuting attorney read the following portions of the report to the court in the victim's presence:
 On April 7, 1987 at approximately 10:45 p.m. the victim heard a knock at the door. Thinking it was her sister she opened the door without looking. Suspect forced his way in at gunpoint. He had a small revolver. He opened a cylinder showing three cartridges. He stated "two good ones." He pointed to the baby on the floor and stated "just enough".
 She stated the third cartridge appeared to be a blank. He told her to * * * the couch and sit down. He pointed the gun at the baby and said "That's sure a pretty baby and you will do what you're told if you want him to see his first birthday."
 The victim was wearing only a robe which he opened. He performed cunnilingus on her at this time. He then lowered his trousers to his knees and made vaginal penetration. * * * At this time he heard a noise in the hall and fled.
 While he was pointing the gun at the victim, she grabbed it. The gun went off causing slight cuts on her fingers where the hammer pinched them. The round was evidently blank, no sign of it striking anything.
The victim also testified that prior to the incident, she had never met appellant. A mental health evaluation prepared by the Mental Health Department for appellant was also admitted as evidence. The report stated that "The Sex Offender Assessment Instrument would suggest a moderate possibility to re-offend."
Appellant also presented evidence concerning his likelihood to engage in the future in one or more sexually oriented offenses. One of appellant's witnesses was Dr. Nancy Steele, who was employed by the Ohio Department of Rehabilitation and Corrections as the psychology supervisor at the prison where appellant was serving his sentence. Dr. Steele testified that she had a doctorate degree in clinical psychology and had worked in prisons since 1972 exclusively treating sex offenders. She stated that she created the "Magellan program" with the purpose of treating sex offenders in prison. She also stated that she had worked with appellant in the Magellan program and that appellant had completed the Magellan program.
Dr. Steele also testified concerning a report she prepared concerning appellant. In the report, she stated that appellant's "risk for repeat of sexual violence appears to be low at this time." When asked to explain her assessment, Dr. Steele stated:
 Well, he's past the age of 30. He has only the one arrest for a sexual offense on his record. He has, more than most offenders, sought out treatment because he got as much as he could at Lancaster, then completed our program also, which a lot of offenders won't even get into one program, let alone two.
 He has been reasonably well behaved in the institution, the last few years especially. He's pursued education and he just seems sincere about following a religious faith of one sort or another which is usually a pretty good sign. He is fairly understanding of himself and why he did this. And he is fairly realistic about himself at this point.
After having reviewed all of the evidence presented to the trial court concerning appellant's likelihood to engage in the future in one or more sexually oriented offenses, we find that insufficient evidence was presented demonstrating that appellant is likely to engage in the future in one or more sexually oriented offenses. The Mental Health Department's assessment that appellant had a "moderate possibility to re-offend" and Dr. Steele's assessment that the appellant's "risk for repeat of sexual violence appears to be low at this time" is not clear and convincing evidence that appellant is "likely to engage in the future in one or more sexually oriented offenses." Additionally, while appellant's conduct resulting in his conviction shows that his actions were heinous and deserving of the criminal penalty that was imposed, the fact that appellant had committed a sexually oriented offense does not by itself establish that appellant is likely to engage in a sexually oriented offense in the future. Accordingly, we sustain appellant's assignment of error. We reverse the judgment of the Franklin County Court of Common Pleas and remand this case to the trial court for preparation of an entry consistent with this opinion.
Judgment reversed; cause remanded with instructions.
TYACK and DESHLER, JJ., concur.